IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUNEAL PRATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   8:09CV197 |
| | ) |
| MARK LUKIN, | )   REPORT AND |
| MARILYN LEUENBERGER and PAUL | )   RECOMMENDATION |
| RODRIGUEZ, | ) |
| | ) |
| Defendants. | ) |

     Plaintiff, who is presently incarcerated at the Omaha Correctional Center, has filed a complaint pursuant to 42 U.S.C. § 1983 against three psychologists employed by the Lincoln Correctional Center.

     The complaint alleges that plaintiff has been incarcerated for the past 35 years and has been "responsive to every rehabilitative opportunity offered over the years, including inpatient sex offender treatment[.]"  Although plaintiff completed a 24-month Inpatient Sex Offender Program (ISOP) at the Lincoln Correctional Center, the defendants recommended that he be required to repeat the entire ISOP.  He anticipates that the defendants will take the position that he was discharged from the ISOP with "maximum benefit," which results when an inmate refuses to do an assignment or refuses to examine a specific or particular issue.  In this instance, the plaintiff refuses to admit guilt to the crime for which he was convicted.  Plaintiff alleges that the real reason he was discharged from the ISOP was because he filed a grievance against defendant Lukin, the ISOP program supervisor.

     Plaintiff alleges that the defendants' actions violated his rights under the First and Fifth Amendments to the U.S. Constitution,  and jeopardized the possibility that he will be released on parole.  Without successful completion of the ISOP, plaintiff has been denied community based rehabilitative programming, resulting in loss of wages to prepare for release.  For these reasons, plaintiff asks for compensatory damages, punitive damages, and attorney's fees and costs.[1]

     The court is required to review prisoner complaints prior to service pursuant to 28 U.S.C. §1915A, which provides:

          (a)  Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

---

[1] Although plaintiff also requests "such further and additional relief as this Court may deem equitable and just," he has not specified the nature of or grounds for any equitable relief sought.

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b)  Grounds for Dismissal.— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

* * * *

(2)  seeks monetary relief from a defendant who is immune from such relief.

(c)  Definition.— As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

It is apparent that the plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity.  If a complaint does not specifically name the defendant in an individual capacity, it is presumed the defendant is sued only in an official capacity.  In this instance, the complaint is silent about the capacity in which plaintiff is suing the defendants; therefore, the court interprets the complaint as including only official-capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 2932 (2008).  "For many reasons, including exposure to individual damage liability and the State's Eleventh Amendment immunity, these are different causes of action. '[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device.'"  *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 27(1991)).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Since the plaintiff seeks only monetary relief from the defendants, who are immune from such relief,

**IT IS RECOMMENDED** that the complaint be dismissed pursuant to 28 U.S.C. § 1915A.

**DATED July 30, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**