# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUNEAL PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 8:09CV197 |
| MARK LUKIN, ) | |
| MARILYN LEUENBERGER and ) | ORDER |
| PAUL RODRIGUEZ, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' Motion to Stay Discovery (Filing 28) pending the district court's ruling on their Motion for Summary Judgment based on qualified immunity. No response to this motion has been filed.

Unless the complaint states a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985). Upon review of the file, and particularly the defendants' brief in support of their pending motion to dismiss (Filing 27), I find that the motion should be granted.

The record also shows that the plaintiff has already served discovery requests. Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" This case is not exempt from the requirements of Rule 26(f). The court finds that the plaintiff's pending discovery requests should be stricken pursuant to Fed. R. Civ. P. 26(b)(2)(C), 26(c) and 26(d)(1) without prejudice to reassertion if the district court denies the defendants' motion to dismiss and after counsel confer pursuant to Rule 26(f).

**IT IS ORDERED:**

1. Defendants' Motion to Stay Discovery (Filing 28) is granted, without prejudice to plaintiff filing, if necessary, a motion for leave to conduct limited discovery on the issue of qualified immunity.

2. The plaintiff's pending discovery requests (*see* Filings 22, 23, 24 and 25) are stricken without prejudice to reassertion.

**DATED December 22, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**